## THE THYRA.

(District Court, D. Oregon. April 29, 1902.)

No. 4,577.

SHIPPING—WORKMEN ENGAGED IN REPAIRING—OPEN HATCH—LIABILITY OF VESSEL.

The act of a master and a crew of a vessel in failing to provide artificial light, and in permitting a hatch to remain open, will not subject the vessel to libel by the administrator of a person who was employed in repairing the vessel by one having charge of the work, and who fell through the hatch and was injured.

H. M. Cake, for claimant.

Dan J. Malarkey, for libelant.

BELLINGER, District Judge. The deceased was injured while making certain repairs on the steamer by stepping or falling through a small hatch in the way, or near it, along which he was required to pass, the forward cover of which had been removed. It is alleged that the master and crew of the vessel negligently suffered and permitted this cover to be and remain off the hatch, and negligently failed to provide artificial light, the place being insufficiently lighted. These are the acts of negligence charged. It is alleged that the deceased was employed by the person who had charge of the work of repairs to assist therein. The rule is well established that a vessel in charge of charterers, stevedores, or other contractors is not liable to the employés of such persons for injuries, unless the vessel has relation by contract to the injured person, or owes him a duty arising out of the fact that it is being navigated; and I believe the rule of liability is extended to all cases where the injured person is engaged in some work that requires his presence where he is at the time, and the injury results from the neglect of some maritime duty on the part of the officers or crew, such as a duty necessary to be performed to enable the ship to receive her cargo, or to carry it in safety, or when the injury is the result of faulty navigation. But there is no duty on the part of the ship to provide light for the convenience of employés of contractors, nor to guard them against the risk resulting from an open hatch, referred to by Judge Benedict in Gerrity v. The Bark Kate Cann (D. C.) 2 Fed. 241, as "that common, and at most times necessary, feature of a ship deck while in port."

The exceptions to the libel are allowed.